## CIRCUIT COURT OF THE CITY OF RICHMOND

Louis C. Greentree

v.

Jefferson Manufacturing Co., Inc.

October 22, 1981

Case No. LE-669

By JUDGE WILLARD I. WALKER

Plaintiff, Greentree, moves for partial summary judgment to strike defendant, Jefferson Manufacturing Co., Inc.'s (Jefferson) affirmative defense of an oral modification, contained in paragraph 6 of Jefferson's grounds of defense. Jefferson asserts that Greentree subsequently agreed for consideration to a reduction in his compensation for employment.

Greentree's employment contract provided that any changes to the sealed agreement must be "in writing, signed by the party against whom enforcement of any waiver, change, modification or discharge is sought." Clause 8 of the contract further provided that Virginia law would govern the construction and enforcement of the instrument.

In an action at law, an instrument under seal cannot be modified by a subsequent parol agreement between the parties. *Steptoe's Administrators v. Harvey's Executors*, 34 Va. (7 Leigh) 501 (1836); *Sachs v. Owing*, 121 Va. 162 (1917). Cf. *Baird & Briggs v. Blaigrove*, 1 Va. (1 Wash.) 170 (1793). A factually established parol agreement, by itself, is insufficient as a matter of law to release the obligations of a sealed instrument. *Sachs, supra*, at 172.

Accordingly, partial summary judgment will be granted to the plaintiff as to that portion of defendant's affirmative defense alleged in paragraph 6 of its grounds of

defense which asserts an oral modification as to compensation.

There is another problem inherent in the assertions of the defendant but not before the court in this case inasmuch as the contract here was under seal. The problem may be stated thus. May the parties to a contract provide expressly therein that any modification must be in writing and still maintain an action based on an oral modification, despite this provision?

In *Zurich Accident Insurance Co. v. Baum*, 159 Va. 404 (1931), the court held that:

> A contract in writing. . . may be dissolved or varied by a new oral contract. . . . Nor does it make any difference that the original written contract provided that it should not be substantially varied except by writing. This stipulation itself may be rescinded by parol and any oral variation of the writing which may be agreed upon and which is supported by a sufficient consideration is by necessary implication a rescission to that extent. *Zurich, supra*, at 409.

I question the wisdom of the *Zurich* rule.

In our litigious society, parties reduce their agreements to writing in an effort to minimize potential future controversies leading to dilatory adjudication. Where the parties' minds meet on how to amend the written agreement, courts should honor that agreement. This is particularly true when balanced against the minimum inconvenience caused the parties in reducing any subsequent oral modification to writing in order to comport with the express terms of the written contract. If the parties lived up to the terms of their agreements by reducing subsequent parol modifications to writing, the modified agreement would speak for itself, thus avoiding costly litigation in an already overburdened judiciary. A rule to this effect would force the parties to live to the express, agreed-upon terms, and each would have sufficient notice of the contract terms. The parties, *not* the courts, could quickly and definitively ascertain their rights and obligations under the contract.

A rule contrary to *Zurich* need not preclude the

affirmative defenses of estoppel and partial performance-waiver.

If the issues raised in this case were not disposed of by a proper application of *Sachs v. Owing, supra*, I would hold that *Zurich Accident Insurance Co. v. Baum, supra*, is no longer valid law in this Commonwealth. I would further hold that a written contract, which expressly provides for written modification only, may not be modified by a subsequent parol agreement. I will refrain from any comment as to how the concepts of estoppel, waiver, or partial performance might effect such a contract.